UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

CIVIL ACTION NO. 15-97-HRW

BRADLEY STEVENS HAYES, PLAINTIFF,

v.  MEMORANDUM OPINION AND ORDER

KENTUCKY GENERAL ASSEMBLY,
CHEVRON,
A.K. STEEL,
ARCADIS U.S., INC.,
GEOSCIENCE, INC.,
CITY OF ASHLAND, KY,
BOYD COUNTY, KY,
JOHN GAMBILL and
LARRY C. BARKER, DEFENDANTS.

This matter is before the Court upon the Motions to Dismiss of the Defendants [Docket Nos. 7, 8, 9, 14, 15, 20, and 27]. Defendants Arcadis U.S., INC., and City of Ashland, Kentucky also filed Motions for a More Definite Statement [Docket Nos. 10, 27]. Plaintiff responded to most of the motions [Docket Nos. 18, 19, 21, 22, 23]. For the reasons stated herein, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief can be granted as, as such, dismissal is warranted.

I.

Plaintiff Bradley Hayes filed this Complaint on October 23, 2015 against a panoply of Defendants. He alleges that various defendants are responsible for injuries and damages to his grandfather and father, said injuries supposedly resulting from toxic conditions on the property. He states that his grandfather died in 1956, that an autopsy revealed he was contaminated and poisoned by various heavy metals, and that his father also suffered severe problems related to toxic substances

on the land. Plaintiff alleges fraudulent documents, intent and causation, and in addition to damages, seeks "to end Human Suffering on this land." Mr. Hayes does not allege any injury to himself or his property. Rather, he appears to allege claims on behalf of his grandfather and father, both of whom are deceased. Notably, Mr. Hayes does not claim that he represents the estates of either his father or grandfather.

In addition, the Complaint includes a vague and incoherent statement of claims under KRS 413.140 and 413.3000. However, the former is a statute of limitation listing actions that must be brought within one year and KRS 411.300 is the first subsection in Kentucky's Products Liability Act. It is unclear how either of these statutes relate to Plaintiff's allegations.

The Defendants seek dismissal of all claims alleged against them herein.

## II.

Dismissal of a complaint is warranted under Fed.R.Civ.P. 12(b)(6) if it fails to state a claim upon which relief can be granted. With respect to a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Sixth Circuit Court of Appeals explained in *Estate of Ezra G. Smith v. United States,* 509 Fed.Appx. 436 (6th Cir. 2012) that:

> [t]he Supreme Court held in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) that to survive a motion to dismiss under Rule 12(b)(6) a complaint must contain (1) enough facts to state a claim to relief that is plausible; (2) more than a formulaic recitation of a cause of actions' elements; and (3) allegations that suggest a right to relief above a speculative level. (internal citation omitted)...A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. (internal citation omitted)...For a complaint to survive a motion to dismiss, the non-conclusory factual content and the reasonable inferences from that content, must be plausibly suggestive of a claim entitling a plaintiff to relief. (internal citation omitted) Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

2

alleged--but it has not show[n]--that the pleader is entitled to relief.

"Conclusory assertions, *e.g.*, that...[the] defendants engaged in 'outrageous' and 'unlawful' behavior...are insufficient to state a claim that is plausible on its face." *Ogle v. Columbia Gas Transmission, LLC*, 513 Fed.Appx. 520, 522-523 (6th Cir. 2013). The "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (internal citation omitted). As the Sixth Circuit stated in *Bishop*:

> [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice. Even under Rule 12(b)(6), a complaint containing a statement of facts that merely creates a *suspicion* of a legally cognizable right of action is insufficient. (internal citations omitted) The factual allegations must be enough to raise a right to relief above the speculative level; they must state a claim to relief that is plausible on its face.

*Bishop*, 520 F.3d at 519 (internal citations omitted) (emphasis original). "At the very least, trial and appellate courts should not have to guess at the nature of the claim asserted." *Kafele v. Lerner, Sampson & Rothfuss*, 161 Fed.Appx. 487, 491 (6th Cir. 2005). *See also Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434 (6th Cir. 1988)(holding that "more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements.")

Finally, a motion to dismiss based on the expiration of the statute of limitations is analyzed under the same standard. "Like other Rule 12(b)(6) motions to dismiss, a motion to dismiss on statute of limitations grounds should be granted 'when the statement of the claim affirmatively shows that the plaintiff can prove no set of facts that would entitle him to relief'"

3

*New Eng. Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir.2003). In the statute of limitations context, the Court must ask, "is the claim simply out of time?"

### III.

The Defendants argue various theories in support of dismissal: deficient pleading, lack of standing, to name a few. However, the most glaring defect in the Complaint is the time which has passed between the alleged injuries and the filing of this civil action.

KRS 413.140(1)(a) sets a one-year statute of limitations for injuries to the person of the plaintiff. This one-year statute of limitations period also applies to wrongful death claims, as the wrongful death statute, KRS 411.130, does not contain any limitation. *See Conner v. George W. Whitesides Co.*, 834 S.W.2d 652, 653-54 (Ky. 1992); *Gaither v. Commonwealth*, 161 S.W.3d 345 (Ky. Ct. App. 2004). Pursuant to KRS 413.180, when a personal representative is appointed within one year from the date of death, the personal representative has one year from the date of appointment within which to bring a wrongful death claim or any surviving claim of the decedent. *See* KRS § 413.180. In no event may such claims be filed more than two years from the date of death. *See Conner*, 834 S.W.2d at 654.

In the present case, the Plaintiff does not say when his father died, but alleges that the grandfather died in or around 1956. Plaintiff also does not state when he knew or should have known that there were environmental conditions on the property that could have caused harm. However, his grandfather's death and subsequent autopsy were sufficient to put family members on notice for investigation and discovery of responsible parties. The same can be said for the death and subsequent autopsy of Plaintiff's father. Plaintiff's negligence claim is clearly time-

barred on its face pursuant to KRS 413.140, which requires that such a claim be brought within one year, and there is no allegation of equitable tolling or facts plead which would satisfy the requirements of the same.

## IV.

Plaintiff fails to plead a cognizable legal claim and fails to state a claim upon which this Court can find any relief. Moreover, Plaintiff's claims are time-barred under all applicable statutes of limitation.

Accordingly, **IT IS HEREBY ORDERED** that the Defendants' Motions to Dismiss [Docket Nos. 7, 8, 9, 14, 15, 20, and 27] be **SUSTAINED** and this matter be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the docket of this Court.

This 26th day of September, 2016.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge